UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ANGIE GARCIA, on behalf of herself, individually, and
all other persons similarly situated,

                                                                   Dkt No.: 22-cv-01131 (BMC)

                      Plaintiff,

      -against-

OBRESTA CORP. d/b/a ANTOJITOS ECUATORIANOS,
and RAMON OBREGON,

                    Defendants.
----------------------------------------------------------------------X

## STIPULATION AND [PROPOSED] ORDER REGARDING CONDITIONAL CERTIFICATION, ISSUANCE OF COLLECTIVE ACTION NOTICE AND DISCLOSURE OF CONTACT INFORMATION

      Plaintiff Angie Garcia and Defendants Obresta Corp. d/b/a Antojitos Ecuatorianos, and Ramon Obregon (collectively as "Defendants"), by and through their undersigned counsel, hereby stipulate and agree, and the Court hereby orders, as follows:

      WHEREAS, Plaintiff commenced this action, bringing claims, *inter alia*, under the Fair Labor Standards Act ("FLSA"), as a collective action pursuant to 29 U.SC. § 216(b), and under the New York Labor Law in the United States District Court for the Eastern District of New York; and,

      WHEREAS, Plaintiff alleges she was employed by Defendants as a non-exempt server and prep cook for Defendants' business, and seeks to represent a collective comprised of similarly situated workers under the FLSA; and,

      WHEREAS, instead of expending resources litigating Plaintiff's anticipated motion for conditional certification of a FLSA collective action and notice pursuant to 29 U.S.C. § 216(b), the parties have negotiated the terms of a proposed notice to be sent to members of the alleged collective and the process for disseminating the Notice; and

      WHEREAS, the parties have reached agreement on the scope, form and manner of distribution of the Notice in this matter, subject to the Court's approval;

      NOW THEREFORE IT IS STIPULATED AND AGREED AS FOLLOWS:

      1.     The First Claim for Relief in Plaintiff's Complaint shall be conditionally certified pursuant to 29 U.S.C. § 216(b) of the FLSA, with respect to a collective action consisting of certain

individuals employed by the Defendants at any time between March 2, 2019 and the present ("Relevant Period"). Specifically, the parties stipulate to the following collective:

> Current and former employees who, during the Relevant Period, performed any work for Obresta Corp. d/b/a Antojitos Ecuatorianos and/or Ramon Obregon as a non-managerial server or kitchen staff, or in a similarly-situated position, who give consent to file a claim to recover damages for overtime compensation that is legally due to them (hereinafter as "FLSA Collective Action Members").

2.    Within ten (10) days after the Court has "So Ordered" this Stipulation, Defendants shall provide to Plaintiff's counsel the names, all known mailing addresses, telephone numbers, cellular phone numbers, email addresses, and for each person identified, all languages spoken, of all FLSA Collective Action Members employed at any point in time during the Relevant Period ("Collective List"), in a text searchable format, for the purpose of distributing the Notice as set forth herein.

3.    Within ten (10) days after Plaintiff's receipt of the names and contact information noted in Paragraph 2, Plaintiff's counsel may distribute the Notice and Consent to Join Form, attached hereto as Exhibit A, in English, Spanish and, to the extent practicable and necessary, any language identified as being spoken by any FLSA Collective Action Member, to each individual on the Collective List via USPS first-class mail, email (in accordance with the provisions set forth below) and text message (in accordance with the provisions set forth below).

4.    Plaintiff's counsel is permitted to send a reminder notice, attached hereto as Exhibit B, to each FLSA Collective Action Member via USPS first class mail, email (in accordance with the provisions set forth below) and text message (in accordance with the provisions set forth below), on or after thirty days of the original distribution of the Notice and Consent to Join Form.

5.    In the event that Plaintiff elects to provide any of the notices or forms in a language other than English, Plaintiff's counsel shall provide the translated version to Defendants' counsel for review and approval at least three business days prior to sending.

6.    Plaintiff's counsel is permitted to provide notice in the form of an email attachment sent to the FLSA Collective Action Members, in addition to the other forms of notice referenced herein. The email shall have attached the Notice and Consent to Join Form, referenced herein as Exhibit A, and, when applicable, a reminder notice, referenced herein as Exhibit B, and shall have the following subject line: "COURT AUTHORIZED MESSAGE: Angie Garcia v. Obresta Corp. d/b/a Antojitos Ecuatorianos, et al., Docket No.: 22-cv-01131 (BMC) (EDNY)."

7.    The body of the initial email shall include the following content in English, Spanish and, to the extent practicable and necessary, any language identified as being spoken by any FLSA Collective Action Member:

> If you worked as a non-managerial server or kitchen staff member for Obresta Corp. d/b/a Antojitos Ecuatorianos, and/or Ramon Obregon at any time between March 2, 2019 and the present, you

>might be entitled to join a lawsuit seeking back pay for overtime wages. For additional information about the case, including how to join, please open and review the attached documents.
>
>THIS ELECTRONIC NOTICE AND ITS CONTENTS ARE NOT SPAM OR A SOLICITATION TO JOIN A LAWSUIT. THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY DISTRICT JUDGE BRIAN M. COGAN OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK. THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR OF THE DEFENDANTS' DEFENSES.

The email distributing the reminder notice shall contain the same subject line and body, and shall include as an attachment the content set forth in <u>Exhibit B</u>.

8. Plaintiff's counsel is also permitted to provide notice in the form of a text message sent to FLSA Collective Action Members, in addition to the other forms of notice referenced herein. The text message, both as the initial notice and as a Reminder Notice shall state in English, Spanish and, to the extent practicable and necessary, any language identified as being spoken by any FLSA Collective Action Member:

>If you worked as a non-managerial server or kitchen staff member for Obresta Corp. d/b/a Antojitos Ecuatorianos, and/or Ramon Obregon at any time between March 2, 2019 and the present, you might be entitled to join a lawsuit seeking back pay for overtime wages. For additional information about the case, including how to join, contact the Law Office of Peter A. Romero PLLC at (631) 257-5588 for a copy of a court-authorized notice regarding your rights.
>
>THIS ELECTRONIC NOTICE AND ITS CONTENTS ARE NOT SPAM OR A SOLICITATION TO JOIN A LAWSUIT. THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY DISTRICT JUDGE BRIAN M. COGAN OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK. THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR OF THE DEFENDANTS' DEFENSES.

9. The notice period during which putative FLSA Collective Action Members may opt-in to the lawsuit shall be a sixty (60) day period commencing the day after Plaintiff's mailing of the original Notice and Consent to Join Form. Plaintiff's counsel will promptly advise Defendants' counsel of the day on which this occurs.

10. Throughout the sixty (60) day notice period, Defendants shall post a copy of the Notice and Consent to Join Form in English, Spanish and any other language the Notice is

translated into by Plaintiff's counsel in accordance with the provisions herein, in a conspicuous location in Defendants' common areas frequented by the FLSA Collective Action Members. Upon the commencement of the sixty-day period, Defendants shall provide Plaintiff's counsel with an affidavit and/or declaration that the Notice and Consent to Join Form was so posted.

11. Within seven (7) days of receipt of a "Consent to Join" form, Plaintiff's counsel shall electronically file such form via the Court's electronic case filing system ("ECF") on the docket in this matter.

12. Individuals whose initial Notice and Consent to Join Form is returned as undeliverable and for whom a forwarding address is supplied shall have ten (10) additional days from the date on which a second Notice and Consent to Join Form or, when applicable, a second reminder notice, is sent to return the "Consent to Join" form to Plaintiff's counsel. Only individuals submitting a "Consent to Join" form by the deadlines set forth herein shall be eligible to join the collective action in this matter unless Defendants consent otherwise, in writing, or Plaintiff makes an application to the Court demonstrating that good cause exists for accepting any untimely submission.

13. Plaintiff's counsel may send an additional Notice and Consent to Join Form or, when applicable, reminder notice, to any FLSA Collective Action Member whose Notice and Consent to Join Form or reminder notice is returned as undeliverable, with a forwarding address. For individuals whose Notice and Consent to Join Form or reminder notice is returned as undeliverable, Plaintiff's counsel may call that individual for the limited purpose of obtaining a correct forwarding address.

14. For individuals whose initial Notice and Consent to Join Form is returned as undeliverable and for whom no forwarding address is supplied, Plaintiff's counsel may request via email that Defendants provide Plaintiff's counsel with that individual's social security number. To the extent it is in their possession, Defendants agree to provide that information within two business days or to indicate such information is not available. This information shall be designated as "Attorneys Eyes Only." Any delay beyond two business days shall toll the sixty-day time period for that individual to opt-in by an equal number of days as the delay. Plaintiff's counsel may then use that information for the limited purpose of obtaining a correct forwarding address.

15. The statute of limitations for all FLSA Collective Action Members shall be tolled from the date of the Parties' counsel's signatures below through the close of the notice period or the date upon which such FLSA Collective Action Member's Consent to Join Form is filed with the Court, whichever is later.

16. Nothing set forth herein shall be construed as a stipulation by Defendants that Plaintiff and the individuals to whom such Notice and Consent to Join Forms shall be sent are, in fact, "similarly situated" under the law. Nor shall this stipulation be construed as waiving or impairing Defendants' right to challenge the propriety of proceeding as a collective action and/or the inclusion of any individual who opts into the collective action at the second stage of the two-step procedure endorsed by the Second Circuit for certification of a collective action under the FLSA.

17. This stipulation may be executed in counterparts and by facsimile/scanned signatures, which shall bear the same weight as original signatures.

Dated: Hauppauge, New York
April 28, 2022

| | |
|---|---|
| _____ | _____ |
| Matthew J. Farnworth, Esq. | Pablo Bustos, Esq. |
| Peter A. Romero, Esq. | Bustos & Associates, P.C. |
| Law Office of Peter A. Romero PLLC | *Attorneys for Defendants* |
| *Attorneys for Plaintiff* | 37-53 90th Street, Suite 11 |
| 490 Wheeler Road, Suite 250 | Jackson Heights, NY 11372 |
| Hauppauge, New York 11788 | Tel.: (718) 606-0893 |
| Tel.: (631) 257-5588 | |

**SO ORDERED:**

Digitally signed by Brian M. Cogan
_____
Hon. Brian M. Cogan, U.S.D.J.

Dated: __April 28_____, 2022

5